THE STATE, GEORGE RICHARDS ET AL., PROSECUTORS, v. THE MAYOR, &c., OF DOVER AND THE DOVER ELECTRIC LIGHT COMPANY.

The common council of Dover is without power to grant leave to a corporation organized under the general law of this state, entitled "An act concerning corporations," to lay gas-pipes and operate a gas plant in Dover.

On *certiorari* to review an ordinance of the city council of Dover.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutors, *George T. Werts.*

For the defendants, *James H. Neighbour* and *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ in this case is prosecuted to set aside an ordinance passed by the city council of Dover, July 20th, 1897, granting to "The Dover Electric Light Company" the exclusive right, liberty and privilege, for and during the term of ten years, to construct, lay and at all times to keep and maintain its gas-mains through and under the

surface of any and all streets, lanes, alleys and squares of said city.

The Dover Electric Light Company was originally incorporated April 4th, 1888, as an electric light company only, under the General Corporation act of this state, entitled "An act concerning corporations," approved April 7th, 1875, and confined itself exclusively to electricity until June 28th, 1897. By a certificate of that date, filed with the secretary of state June 29th, 1897, being, as therein stated, a "certificate of changes by way of amendments to the charter of the Dover Electric Light Company," said company certified that it had "changed the nature of the business" of said company, as follows:

"To construct, purchase, sell, lease and operate a plant and works in the city of Dover, New Jersey, for the manufacture and distribution of gas for light, heat and power, in connection with its present manufacture of electricity; * * * to lay conduits, mains and pipes for the distribution of the same, and to lease and sell the manufactured products thereof."

The Dover Gaslight, Heat and Power Company (one of the prosecutors) is incorporated under the General Gas act of this state, entitled "An act to authorize the formation of gaslight corporations and regulate the same," approved April 21st, 1876 (*Gen. Stat., p.* 1607), by a certificate filed with the secretary of state January 23d, 1897.

The common council of Dover refused to permit the last-named company to lay its pipes in the public streets.

The first reason relied upon for reversal of the ordinance is that the common council of Dover was without authority to grant leave to a corporation organized under the general law of this state, entitled "An act concerning corporations," to lay gas-pipes and operate a gas plant in said city.

This General Corporation act has existed in this state for many years. The first general act for the incorporation of gas companies was passed in 1874. *Pamph. L., p.* 124.

Prior to 1874 gas companies were incorporated under special legislative acts. The act of 1874 provided that nothing therein

contained should authorize the building of gas works or laying of gas-pipes in any city or town which was already being supplied with gas, and therefore no rival company could, as the law then was, be organized without a special charter. That is the clear reading and the manifest purpose of the act of 1874, and that it was the accepted interpretation of it is evinced by the subsequent legislation. After the adoption of the constitutional amendment, in 1875, interdicting special legislation, there was no mode in which a second company could lawfully be organized and operated, and doubtless for that reason the legislature, in 1876, repealed the Gas act of 1874 and passed the Gas act now in force, and omitted from it the exclusive provision before mentioned.

The provision in the act of 1874 excluding a second company would have been futile if it could have been evaded by incorporating under the general act concerning corporations.

The passage of these general laws authorizing the incorporation of gas companies shows a clear legislative intent to separate gas companies from those corporations which may lawfully be organized and promoted under the General Corporation act, and to subject the former to limitations and restrictions not applicable to the latter.

Reference to some of the provisions of the Gas act of 1876 discloses such intention too clearly to permit it to be disregarded. Sections 19, 20, 21 and 27, containing stringent provisions for the protection of the public, are made expressly to apply only to corporations formed under said act. These provisions cannot be rendered nugatory by the simple device of incorporating under the General Corporation act.

The defendant company was organized under the General Corporation act, and, therefore, not being subject to any of these safeguards, the only construction of this legislation which can reasonably be accepted is that the right to exercise the privilege of laying gas-pipes and conducting the gas business is not within the scope of its charter rights and cannot be conferred upon it by municipal authority.

The general powers over streets and the lighting of streets

granted to the common council by the charter of Dover must be exercised in subordination to the public laws of the state, and cannot be invoked to justify the evasion of the regulations so carefully provided by the Gas act.

Mr. Justice Magie, in *Domestic Telegraph Co.* v. *Newark,* 20 *Vroom* 344, 348, said that the passage of the act of 1875 and the supplement of 1880, providing for the organization of telegraph and telephone companies, in modes and under conditions quite inconsistent with those prescribed by the General Corporation act, seemed to be a strong legislative declaration that such companies could not be organized so as to acquire a corporate existence under the latter act.

In my judgment, the legislature has clearly expressed its intention that no corporation shall acquire or exercise the franchises of a gas company without subjecting itself to the salutary provisions of the Gas act by incorporating under it.

Under this interpretation of these laws, the common council was disabled to pass the certified ordinance; and the cases cited in support of its action are not pertinent to the controversy.

The Dover Gaslight Company, being organized under the General Gas act, has a right to invoke the aid of this court to remove out of its way an ordinance which gives the exclusive right to lay gas-pipes to a company not entitled to exercise it. While this ordinance stands, this prosecutor cannot receive from the common council a fair consideration of its application for leave to lay its pipes in the streets. I am of opinion, also, that the relators, who are resident taxpayers and abutting landowners on streets in the thickly-populated portions of Dover, have a right to resist the laying of gas-pipes in such streets until the company proposing to exercise that right puts itself under the provisions of the law framed for their protection.

"The rule must be considered settled that no person can acquire a right to make a special or exceptional use of a public highway not common to all the citizens of the state, except by grant from the sovereign power." *Jersey City Gas Co.* v. *Dwight,* 2 *Stew. Eq.* 242, 248.

Certainly, the defendant corporation cannot be permitted to occupy the street in contravention of the clearly-declared policy of the state. It is not necessary to consider the other questions discussed in this case.

The ordinance certified is illegal and must be set aside.